**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIEL R. MARTIN, #340878 | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.  AW-07-805 |
| JULIUS OWOLABI | : | |
| and | : | |
| ARROW PARKING | : | |
| Defendants | : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

This is a pro se 42 U.S.C §1983 complaint filed by Daniel R. Martin, a state inmate at the Eastern Correctional Institution.  Plaintiff claims that on September 16, 2006, Julius Owolabi, an employee of Arrow Parking in Baltimore, "maliciously lied to investigators" by providing a description of a robber which led to Martin's "false arrest."  Martin does not state a specific claim against Arrow Parking.[1]  Martin seeks damages in the amount of  $ 129,000.

Plaintiff has requested and will be granted leave to proceed in forma pauperis.  As such, his claims are reviewed pursuant to 28 U.S.C. § 1915A.  This provision requires courts to screen civil actions brought by  prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted.  Upon review of the pleadings, the Court will dismiss the complaint under this standard.

---

[1]The Court assumes Martin is seeking to assert a claim against the corporate defendant under a theory of supervisory liability.

**I. Analysis**

    **A. Defendants Must be State Actors**

In order to state a claim under 42 U.S.C. § 1983, Martin must allege that the conduct about which he complains was committed by a person acting under the color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See* 42 U.S.C. §1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Martin neither alleges nor provides any evidence that either named defendant was acting under state law. For this reason, the complaint fails to state a cognizable federal claim.

    **B. Diversity of the Parties**

Martin also brings this action based on diversity of citizenship of the parties. *See* 28 U.S.C. § 1332. As the party seeking to invoke this Court's diversity jurisdiction, Martin has the burden of proving that complete diversity of citizenship exists between the parties. *See Roche v. Lincoln Property Co.*, 373 F3d 610, 616 (4th Cir. 2004) (citing *Mas v. Perry*, 489 F. 2d 1396 (5th Cir. 1974). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 & nn. 13-16 (1978). If the burden is not met, the Court must dismiss the action. *See Kenrose Manufacturing Co. v. Fred Whitaker, Co.*, 512 F. 2d 890 (4th Cir. 1972) *see also* Fed R. Civ. P. 12 (h)(3).

In this matter, Martin provides "9014 Tarpley's Circle" as the address for Julius Owolabi, but does not specify the state where Tarpley's Circle is located.[2] He provides both a Baltimore, Maryland address and a Beverly Hills, California address for Arrow Parking. Accordingly, Martin

---

    [2]The Court notes that electronic maps accessed through the internet show there is a street by that name in Rosedale, Maryland.

has not met his burden to demonstrate complete diversity of citizenship of the parties and the complaint will be dismissed without prejudice.[3]  An order consistent with this memorandum follows.

Date: April 9, 2007

                                                                                            /s/
                                             Alexander Williams, Jr.
                                             United States District Judge

---

[3] To the extent Martin might have any claims under state law, this Court will dismiss the Complaint without prejudice to refiling in the appropriate state forum.